Case 1:16-cv-00279 Document 77 Filed on 05/29/20 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN GABRIEL CISNEROS | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 1:16-CV-279 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## ORDER

In October 2016, Petitioner Juan Gabriel Cisneros filed his First Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Doc. 1), challenging a conviction for conspiracy to assist in the escape of federal prisoners and the sentence that the Court imposed almost twenty-five years ago.

In March 2020, the Magistrate Judge issued his Report and Recommendation recommending that Cisneros's action be dismissed as untimely filed, or alternatively, denied as meritless. (Doc. 70) The Report and Recommendation recounts the lengthy procedural history related to the relevant convictions against Cisneros and the pending Motion. That history includes an initial dismissal of Cisneros's action, followed by the Fifth Circuit vacating the court's judgment and remanding the matter.

Cisneros timely filed objections to the Report and Recommendation. (Doc. 76) The Court has conducted a *de novo* review of the Motion, the briefing of the parties, the record in this case, and the applicable law.[1] In his objections, Cisneros largely presents arguments that the Magistrate Judge considered, and the Report and Recommendation resolves those arguments adequately and correctly.

Cisneros raises one new argument that warrants discussion. He contends that the United States waived the defense of untimeliness by not filing a response in opposition to Cisneros's appeal before the Fifth Circuit. (Objections, Doc. 76, ¶¶ 12-13) Based on this

---

[1] The Court also has reviewed the transcript of the evidentiary hearing held before the Magistrate Judge on July 22, 2019.

argument, Cisneros objects to the Magistrate Judge's conclusion that Cisneros's Petition was not timely filed. The Court concludes that Cisneros's objection lacks merit.

When Cisneros initially filed his Motion, the Magistrate Judge did not order the United States to file a response. (Report & Recommendation issued Feb. 2017, Doc. 5) As a result, the United States had no obligation to state its position as to any issues that Cisneros's Motion raised. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 5(a) ("The respondent is not required to answer the petition unless a judge so orders.").

The Court adopted the Report and Recommendation and dismissed Cisneros's action. When Cisneros appealed, the Fifth Circuit granted a certificate of appealability as to specific issues, and then issued a briefing schedule. The United States again chose to not file a response. (Notice, Case No. 17-40330, Doc. 00514498236) The Fifth Circuit can render its decision on an appeal from the dismissal of a Section 2255 action without a response from the United States. *See United States v. Coats*, 672 F. App'x 512 (5th Cir. 2017) (affirming, without a response from the United States, that the lower court lacked jurisdiction to consider a Section 2255 motion). The fact that the Fifth Circuit can affirm a District Court's decision even absent a response from the United States logically demonstrates that the United States' decision to not file a response is not a waiver of arguments that support the District Court's decision.

On remand, the Fifth Circuit placed "no limitation on the matters that the district court [could] consider on remand." *United States v. Cisneros*, 755 F. App'x 422, 424 (5th Cir. 2019). And the Fifth Circuit's decision did not reach the issue of timeliness or any substantive elements of Cisneros's Motion. The Magistrate Judge for the first-time ordered briefing on several issues, including timeliness, and the United States filed its brief arguing that Cisneros's Motion was untimely. Given this procedural history, the record makes clear that the United States at no point waived its defense of untimeliness.

In any event, even if the United States had waived this defense, Cisneros suffers no prejudice because the Court alternatively concludes that Cisneros's Motion should be denied on the merits.

Accordingly, the Court **OVERRULES** Cisneros's objections and **ADOPTS** the Report and Recommendation.

It is:

**ORDERED** that Petitioner Juan Gabriel Cisneros's First Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED AS UNTIMELY FILED**; and, alternatively

**ORDERED** that Petitioner Juan Gabriel Cisneros's First Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED** on its merits.

In addition, after reviewing the Motion and the applicable law, the Court finds that no outstanding issue would be debatable among jurists of reason, and that Cisneros fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court **DENIES** the request for a Certificate of Appealability.

The Clerk of Court is directed to close this matter.

SIGNED this 29th day of May, 2020.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge